UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MCKUIN PROPERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00099-SNLJ |
| | ) | |
| KENNETH DYE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF REMAND**

Plaintiff McKuin Property filed a petition for rent and possession against

Defendant Kenneth Dye in the Circuit Court of Ripley County, Missouri on April 6,

2026.  Less than thirty (30) days later, Dye removed the action to this federal court,

asserting federal question jurisdiction based on a counterclaim brought under the Fair

Housing Act.  [Docs. 1-3].  A few days after the removal, McKuin Property filed a

motion for remand, arguing a lack of federal court jurisdiction.  Dye filed a response the

same day.  Because the Court agrees that it lacks subject matter jurisdiction over this

action, the motion to remand will be granted and this action will be remanded to the

Ripley County Court from which it was removed.

**Background**

Plaintiff-landlord McKuin Property and Defendant-tenant Kenneth Dye entered

into a residential lease agreement on September 18, 2025, regarding an apartment located

in Ripley County, Missouri.  [Doc. 3-3].  On April 6, 2026, McKuin Property filed an

action in Missouri state court against Dye, seeking unpaid rent in the amount of

$2,093.00 and an Order directing the Sheriff to remove Dye from the rental property. [Doc. 2].  On May 4, 2026, Dye removed the landlord-tenant action to this federal court and filed a counterclaim against McKuin Property.  [Docs. 1-3].

In his counterclaim complaint, Dye states that his claim is based on the "Fair Housing Act prohibitions … [of] Title VIII of the Civil Rights Act of 1968," and he seeks $100,000.  [Docs. 3 at 3-4, 3-10 at 1].  Dye alleges that he was not only renting an apartment from McKuin, but that he was also working for McKuin.  According to Dye, a disagreement arose among the parties as to the work done and payment due.  Despite this disagreement, Dye states that he tried to pay his rent and the payment was refused.  Dye also asserts that the power and water to his apartment were illegally shut off; that someone stole his mail; that the apartment for which he signed a lease has a "fake address," in that it is not a legally recognized postal address; and that the apartment is not code-compliant, in that it is lacking smoke detectors and a fire extinguisher.  [Doc. 3-10 at 1-6].

Three (3) days after the action was removed from state court, Plaintiff McKuin Property filed a motion for remand.  [Doc. 8].  In the motion, McKuin argues that this action cannot be removed because there is no basis for federal court jurisdiction. According to McKuin, based on the face of  the petition at issue here, there are only state-law claims at dispute.  Although Dye asserts that there is federal question jurisdiction, McKuin argues that Dye cannot use his counterclaim as a basis for removal.  [*Id.* at 1-3]. As such, McKuin seeks remand.

-2-

In opposition to remand, Dye filed an unsigned "Objection to Motion to Remand to State Court." [Doc. 9]. The contents of Dye's Objection strongly suggest it was mostly drafted using generative artificial intelligence. The first six (6) pages of the filing are a legal summary of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and its prohibition on housing discrimination based on race, color, religion, sex, national origin, familial status, and disability. Although Dye summarizes the discrimination statute in these pleadings, he does not state how it applies to him. In addition, he does allege that McKuin Property has discriminated against him based on his membership in any protected class. Instead, Dye asserts that McKuin has committed document and mail fraud, harassment, illegal videotaping, and stalking. [*Id.* at 7]. Dye does not explain how any of these accusations relate to the Fair Housing Act. Finally, in opposition to remand, Dye argues that he cannot be legally evicted because his rental property does not have a valid address.

### Legal Standards

Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, the federal court must remand the case to state court if it appears at any time that the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction, and any doubts concerning federal

jurisdiction should be resolved in favor of remand. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). When the removing party invokes federal question jurisdiction, the propriety of removal is governed by the allegations in the removed petition. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

### Discussion

In this case, remand is proper because the Court lacks subject matter jurisdiction over this action. "Federal question jurisdiction exists if the well-pleaded [petition] establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)). Neither applies here.

Based on the face of the petition filed in state court, this action is based solely on state law and raises no federal questions. Although Dye alleges that this court has federal question jurisdiction over the matter, a counterclaim cannot be the basis for removal because "[a] defendant may not rely on its own claims to establish jurisdiction." *Kellum v. Gilster-Mary Lee Corp. Grp. Health Benefit Plan*, 115 F.4th 849, 852 (8th Cir. 2024)

-4-

(citing *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019)).[1]  As for Dye's other claims including his wage dispute with McKuin, his lack of a proper address, and the confiscation of his mail, these are properly raised in his state court action and not in this Court under the Fair Housing Act.

Therefore, because federal question jurisdiction is lacking and no other basis appears on the face of the pleadings from which this Court's subject matter jurisdiction may be invoked, this action will be remanded to the 36th Judicial Circuit Court, Ripley County, Missouri.  28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand [Doc. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the 36th Judicial Circuit Court, Ripley County, Missouri, from which it was removed, based on a lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

**IT IS FINALLY ORDERED** that Defendant Kenneth Dye's Motion for Leave to Proceed *in forma pauperis* [Doc. 5] is **DENIED as moot**.

Dated this 13th day of May, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Furthermore, Dye's counterclaim complaint fails to state a claim under the Fair Housing Act, as Dye does not allege discrimination in housing based on his race, color, religion, sex, handicap, familial status, or national origin.  42 U.S.C. § 3604.